IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| EMILIA H. GUEVARA, | ) | CASE NO. 1:17 CV 1754 |
|---|---|---|
| Plaintiff, | ) ) ) | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| v. | ) ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) ) | |

# Introduction

Emilia Guevara sought disability and supplemental insurance income benefits because of mental impairments. The Commissioner found her capable of performing a significant number of jobs existing in the national economy. This decision lacks the support of substantial evidence in the record. I, therefore, reverse the Commissioner's decision and remand for further proceedings.

# Analysis

## A. State agency reviewing psychologists' opinions

The briefs and oral argument brought into focus one dispositive issue:

- The ALJ assigned the opinions of two state agency reviewing psychologists great weight. The ALJ nevertheless eliminated two limitations opined by them from the RFC and did not include the limitations in the hypothetical posed to the vocational expert ("VE"). The VE testified that if the RFC included either of these limitations, there would be no jobs existing in significant numbers that Guevara could perform. Does substantial evidence support the exclusion of these limitations from the RFC and the hypothetical?

After review of Guevara's medical records, including the report of psychologist David House, Ph.D., a consulting examiner, two state agency psychologists opined that Guevara (1) had the ability to maintain attention and concentration occasionally when her symptoms were not exacerbated; and (2) required routine supervision, reminders, and guidance to stay on task.[1] The ALJ did not included these limitations in the RFC[2] or the hypotheticals posed to the VE.[3] Guevara's counsel posed each of these limitations to the VE, as additional to those included in the ALJ's hypothetical.[4] In response, the VE testified that the addition of either limitation would preclude all work.[5]

ALJs must consider opinions on the nature and severity of impairments offered by state agency consultants.[6] While the ALJ is not bound by the findings made by these non-examining physicians and psychologists, "they may not ignore these opinions and must explain the weight given to the opinions in their decisions."[7] The factors set forth in the regulations that are to be considered when evaluating the opinions of treating and other sources also apply to opinions rendered by non-examining sources.[8]

---

[1] ECF No. 11, Transcript ("Tr.") at 60, 73, 88, and 102.
[2] *Id.* at 16.
[3] *Id.* at 43-44.
[4] *Id.* at 45-46.
[5] *Id.*
[6] *See* SOCIAL SECURITY ADMINISTRATION, SOCIAL SECURITY RULING 96-6P, POLICY INTERPRETATION RULING TITLES II AND XVI: CONSIDERATION OF ADMINISTRATIVE FINDINGS OF FACT BY STATE AGENCY MEDICAL AND PSYCHOLOGICAL CONSULTANTS AND OTHER PROGRAM PHYSICIANS AND PSYCHOLOGISTS AT THE ADMINISTRATIVE LAW JUDGE AND APPEALS COUNCIL LEVELS OF ADMINISTRATIVE REVIEW; MEDICAL EQUIVALENCE, 1996 WL 374180 (1996).
[7] *Id.*
[8] *Id.*

An ALJ cannot avoid reversal by merely citing exhibits in the record that might support his findings without discussing the content of those exhibits and explaining how that content provides support.[9] Nor can counsel for the Commissioner save a decision from reversal by citing to evidence in the record not cited and adequately discussed by the ALJ.[10] It is for the ALJ, not the court or Commissioner's counsel, to "build a logical bridge from the evidence to the conclusion."[11]

Here, despite giving the state agency reviewing psychologists' opinions great weight, and the VE's testimony that either of two of limitations opined by the state agency reviewing psychologists would preclude all work, the ALJ failed to explain why he omitted the limitations from the RFC and the hypothetical to the VE.[12] This failure requires a remand for reconsideration.

**B.      Additional challenges**

This remand makes it unnecessary to address Guevara's two other challenges to the ALJ's opinion: (1) Dr. House's opinion that marked impairment of her coping skills would be significantly disruptive in the work environment; and (2) the lack of substantial evidence supporting the finding that Guevara could perform the three jobs identified by the VE because of the limitations imposed by her mental impairments.[13]   Each of these issues

---

[9] *Smith v. Comm'r of Soc. Sec.*, No. 5:13 CV 870, 2014 WL 1944247, at *7 (N.D. Ohio May 14, 2014).
[10] *Sharp v. Comm'r of Soc. Sec.*, No. 1:14-cv-523, 2015 WL 3545251 (S.D. Ohio June 4, 2015) (citing *Keeton v. Comm'r of Soc. Sec.*, 583 Fed. App'x 515, 524 (6th Cir. 2014)), *report and recommendation adopted by* 2015 WL 3952331 (S.D. Ohio June 29, 2015).
[11] *Hale v. Colvin*, No. 3:13cv182, 2014 WL 868124, *8 (S.D. Ohio March 5, 2014).
[12] *Id.* at 20-22.
[13] ECF No. 15 (Guevara's brief) at 1.

3

poses a substantial challenge to the Commissioner's no disability finding and should be reviewed and reconsidered on remand.

IT IS SO ORDERED.


Dated: September 10, 2018            s/ William H. Baughman, Jr.
                                     United States Magistrate Judge